(December 31, 1892.)

## SMITH, Road Overseer, v. MONTGOMERY.

[31 Pac. 812.]

ABATEMENT OF PUBLIC NUISANCE—REMOVAL OF BUILDING FROM STREET.—Suit by road overseer to compel the removal of a building from West Main street in town of Blackfoot.

DEDICATION TO PUBLIC AS HIGHWAY.—Appellant's contention is that the land on which the building stands had never been dedicated to the public as a highway. *Held*, evidence sufficient to show dedication.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

Stewart & Dietrich, for Appellant.

The fact that town officers exceeded their lawful powers in expending highway taxes is not sufficient to convert into public highway. (*State v. McCabe,* 74 Wis. 481, 43 N. W. 322.) Mere nonaction of owner is not enough to constitute a dedication. (*City of Bloomington v. Bloomington Cemetery Assn.,* 126 Ill. 221, 18 N. E. 298; *Forney v. Calhoun Co.,* 84 Ala. 215, 4 South. 153.) The mere fact that a highway is traveled by

whoever has occasion or sees fit to do so is not sufficient evidence of dedication. (*Willey v. People,* 36 Ill. App. 609.) Mere permissive use by the public of a piece of ground left open is not a dedication. (*Weiss v. South Bethlehem Borough,* 136 Pa. St. 294, 20 Atl. 801.) Attempted dedication by one who does not hold title is insufficient. (*Lee v. Lake,* 90 Am. Dec. 220; *Kyle v. Logan,* 87 Ill. 64; *State v. Trask,* 6 Vt. 355, 27 Am. Dec. 560.) A dedication by a mere occupant of public land does not bind after-acquired title. (*Gentleman v. Soule,* 32 Ill. 271, 83 Am. Dec. 264; *Chapman v. School Dist.,* Deady, 139, Fed. Cas. No. 2608; *Lounsdale v. Portland,* 1 Or. 397, 1 Deady, 39, Fed. Cas. No. 8579.) The evidence of dedication must be clear, unequivocal and unmistakable. (Angell & Durfee on Highways, 142; *Indianapolis v. Kingsbury,* 101 Ind. 200; *Gage v. Railroad Co.,* 84 Ala. 224, 4 South. 415; *City of Shreveport v. Drouin,* 41 La. Ann. 867, 6 South. 656; *Holdane v. Cold Springs,* 21 N. Y. 474; *Irwin v. Dixion,* 9 How. 30; *State v. Adkins,* 42 Kan. 203, 21 Pac. 1069.)

J. W. Eden and Smith & Smith, for Respondent.

If the testimony is conflicting, the appellate court will not disturb the verdict or order denying a new trial. (*Mootry v. Hawley,* 1 Idaho, 543; *Ainslie v. Printing Co.,* 1 Idaho, 641; *Pierce v. Schaden,* 55 Cal. 406; *Bronner v. Wetzlar,* 55 Cal. 419.) The court will not disturb the finding of the jury, although the verdict is not in accord with what the court believes to be the weight of the evidence. (*Smelting Co. v. Pless,* 8 Colo. 87, 5 Pac. 650.).

SULLIVAN, C. J.—This action was brought by the respondent, as road overseer of what is known as the "Blackfoot Road District," to compel the appellant to remove a certain building from what is claimed to be a part of West Main street, in the town of Blackfoot, Bingham county. The case was tried by the court with a jury, and, upon the special verdict of the jury, judgment was entered in favor of the respondent. A motion for a new trial was interposed by the appellant, and overruled by the court, and this appeal was taken from the order overruling said motion.

The only question raised by this appeal is as to the suffi-ciency of the evidence to support the special verdict or findings of the jury. The appellant contends that said street is but sixty-six feet in width, and that there is a strip of land thirty-four feet in width between the easterly side line of said street and the westerly side line of the Utah and Northern Railway right of way, bordering thereon and parallel therewith, of which appellant is the owner, and that the building complained of is situated thereon. The respondent contends that said street is one hundred feet in width, and that said building is situated in said street. The appellant contends that the evidence is insuffi-cient to support the following findings: 1. That the ground in dispute was used as a highway; 2. That it was repaired as a highway; 3. That it was dedicated as a highway. The evi-dence shows, without conflict, that the land in dispute had been used as a highway from 1879 up to 1891, the date when the building complained of was erected. The appellant himself testifies that he had known the land since February, 1879, and that it had been used by the public to travel over up to 1891. Several other witnesses testify to the same fact. The evidence also shows that at least two road overseers had repaired said land as a highway for the benefit of the public. We think that the evidence clearly established that said ground was both used and repaired as a highway. This disposes of the first two points made by appellant.

As to the third. The record shows that one W. C. Lewis, grantor of appellant, made a homestead entry, under the laws of the United States, for certain land, which included that upon which the said town of Blackfoot is situated. That, after Lewis had made his said homestead entry, one C. Bunting was desirous of erecting a store building upon said land, and so informed said Lewis, and inquired of Lewis where and upon what conditions he could get some land therefor. Lewis in-formed Bunting that he had made a homestead entry for said land, and that he could not "then" say anything about the matter, as he had no title to the land. It appears, however, that some arrangement was made as to where, or at what point, Bunting might erect a store building, for Bunting proceeded to erect one on said land. It further appears that, during

the conversation between Lewis and Bunting above referred to, Bunting inquired of Lewis whether there would be a row of buildings between the lot on which he was to erect said store building and the railroad right of way, and Lewis replied that there would not; that it would be left open as it then was. Thereafter, and after Lewis had made final proof for said land, he platted a portion thereof as the townsite of "Blackfoot City." The plat made by him is before this court as part of the evidence in this case. The lot on which Bunting erected the store building above referred to fronts on what is designated on said plat as "West Main street," and is one hundred feet from the westerly side line of said railway right of way. Said plat is made on a scale of two hundred feet to the inch, and indicates a row of blocks on each side of said right of way, and one hundred feet therefrom. The one hundred feet of ground between said railway right of way and the first row of blocks easterly therefrom is designated on said plat as "East Main street," and the one hundred feet of ground between said right of way and the first row of blocks westerly therefrom is marked on said plat as "West Main street." The plat contains no marks or lines, nor anything whatever to indicate that any portion of said one hundred feet of ground is reserved for any purpose whatever. It is true that intention to dedicate must be shown, and not intention of reservation; but when Lewis platted the townsite of Blackfoot, and left one hundred feet of ground running through the central part of said town, and designated it on the town plat as "West Main street," and he and his grantee permitted the public to use the same as a street for ten years or more without objection, we think appellant is estopped from claiming that said entire one hundred feet of ground was not dedicated as a street, regardless of the general statement on said plat that streets are sixty-six feet wide. If the contention of appellant be true, then the intention of Lewis was to reserve to himself a strip of land thirty-four feet wide, extending through said town, and dividing it near the center, without any streets crossing said strip connecting the parts of the town thus divided. Appellant urges that the statement made by Lewis to Bunting—that said one hundred feet of ground should remain open as a street—was made before

he (Lewis) had acquired title to said land, and hence was not binding on him for that reason. He seems to overlook the fact that his grantor, after acquiring title to said land, platted the same, leaving West Main street one hundred feet wide, as he had stated to Bunting should be done. The vital principle of dedication is the intention to dedicate. (Angell & Durfee on Highways, sec. 142.) The evidence clearly shows that it was the intention of Lewis to dedicate said West Main street, one hundred feet in width, to the public, and the denying of appellant's motion for a new trial was not error. The judgment of the court below is affirmed, with costs of this appeal in favor of respondent.

Huston, J., concurs.

Morgan, J., took no part in the hearing or decision of this appeal.